UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RICHARD CALLAGHAN, an individual

    Plaintiff,

v.                                                                     Case No: 2:18-cv-336-FtM-99MRM

US CENTER FOR SAFE SPORT,

    Defendant.
_____/

## **OPINION AND ORDER**[1]

This matter comes before the Court on Plaintiff's Motion for Temporary Restraining Order (Doc. 2) filed on May 14, 2018. For the reasons set forth below, Plaintiff's request for an *ex parte*[2] temporary restraining order is denied.

## **BACKGROUND**

On May 14, 2018, Plaintiff Richard Callaghan, a professional figure skating coach, filed a two-count Complaint (Doc. 1) for breach of contract (and a simultaneous Motion for Temporary Restraining Order), alleging that Defendant U.S. Center for Safe Sport (Safe Sport) violated its own rules and procedures in investigating grievances filed against Plaintiff by Craig Maurizi, a competitive figure skater. Based upon Mr. Maurizi's

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

[2] Although not titled "EX PARTE", there is no indication that the Motion for Temporary Restraining Order was served on Defendant or that Defendant otherwise had notice of the filing.

grievances, in early March of 2018, Safe Sport initiated an investigation and suspended Plaintiff from participating in all United States Olympic Committee-sponsored events and activities pending their investigation. (Doc. 1, ¶ 22).

In the course of Safe Sport's investigation, on March 13, 2018, Safe Sport's external investigator contacted Plaintiff (and his counsel) and informed them that she wished to interview Plaintiff. (Doc. 1-12). As the attachments to the Complaint show, Plaintiff's counsel and Safe Sport's external investigator have exchanged numerous correspondence about when the interview would take place - the last exchange to the Court's knowledge being March 30, 2018. (Docs. 1-13, 1-19, 1-21). In some of these correspondences, Plaintiff's counsel informed Safe Sport that he believed Safe Sport was violating certain policies and procedures in its investigation. (Doc. 1-18). Safe Sport informed Plaintiff that if he does not participate in the interview scheduled for May 14, 2018 at noon, the investigation will be closed and the investigator will make her findings and recommendations to Safe Sport's Office of Response and Resolution without Plaintiff's testimony. (Doc. 1, ¶ 40).

Plaintiff seeks a temporary restraining order prohibiting Safe Sport and its investigator from interviewing Mr. Callaghan on May 14, 2018 at 12:00 p.m.[3] or from taking any further disciplinary action against him or imposing additional sanctions until the Court can hear and decide Plaintiff's application for a preliminary injunction.[4] As grounds

---

[3] The Court notes that Plaintiff filed the Motion for Temporary Restraining Order with the Court on May 14, 2018 at 10:15 a.m., just an hour and forty-five minutes before the interview was scheduled to take place.

[4] Plaintiff seeks a preliminary injunction prohibiting Safe Sport from: (a) enforcing its current suspension of Callaghan or from taking any other disciplinary action against him related to Mr. Maurizi's complaint, and (b) from pursuing its investigation into Mr. Maurizi's decades old allegations against Plaintiff. (Doc. 2, p. 23).

2

for relief, Plaintiff argues primarily that he will suffer immediate, irreparable harm to his ability to earn a living and damage to his personal and professional reputation if he refuses to be interviewed, including a potential life-ban from coaching.

## DISCUSSION

To obtain a temporary restraining order, a party must first establish that: i) he is substantially likely to succeed on the merits of its underlying claims; (2) he will suffer imminent, irreparable injury without injunctive relief; (3) such injury outweighs the harm an injunction poses to the opposing party; and (4) injunctive relief will serve the public interest. *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225-26 (11th Cir. 2005). Federal Rule of Civil Procedure 65(b) authorizes a court to grant injunctive relief *ex parte* – that is, against a party who has not yet received notice of the motion seeking injunctive relief and/or had an opportunity to be heard. To obtain such relief, however, the movant must make a "clear[] show[ing] that immediate and irreparable injury, loss, or damage will result . . . before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b). The Local Rules of this District state further that an *ex parte* order "will be entered only in emergency cases to maintain the status quo until the requisite notice may be given and an opportunity is afforded to opposing parties to respond to the application for a preliminary injunction." M.D. Fla. R. 4.05(a). To constitute a true "emergency," the injury alleged must be "so imminent that notice and a hearing on the application for preliminary injunction is impractical if not impossible." *Id.* at 4.05(b)(2).

An award of *ex parte* temporary injunctive relief is not warranted here. According to Plaintiff, he was informed beginning on March 13, 2018 – two months ago – that Defendant wished to interview him following his interim suspension. (Doc. 1-12). And

the attachments to the Complaint show that Safe Sport's last attempt to obtain dates for the interview from Plaintiff was March 30, 2018. (Doc. 1-21). Although Plaintiff alleges that Safe Sport has not responded to his requests for corrective action (Doc. 1, ¶ 44), he does not explain why he waited to attempt to stop the interview and investigation less than two hours before SafeSport's interview. Plaintiff provides no explanation for this delay. Thus, it appears that the "emergency nature" of Plaintiff's situation is of his own making and warrants denial of the request for the extraordinary *ex parte* relief that he requests.

The Court also notes that the Complaint is a shotgun pleading as Count II incorporates all preceding paragraphs of the Complaint. (Doc. 1, ¶ 51). "The typical shotgun complaint contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts (*i.e.*, all but the first) contain irrelevant factual allegations and legal conclusions." *Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 (11th Cir. 2002). The Court will therefore dismiss the Complaint with leave to amend, which may be served on Defendants.

Accordingly, it is now

**ORDERED:**

(1) Plaintiff's Motion for Temporary Restraining Order (Doc. 2) is **DENIED**.

(2) Plaintiff's Complaint (Doc. 1) is **dismissed without prejudice** to filing an Amended Complaint within **seven (7) days** of this Opinion and Order.

**DONE** and **ORDERED** in Fort Myers, Florida this 14th day of May, 2018.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record